UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA

CASE NO.:

ROBERT POTTERFIELD,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, ROBERT POTTERFIELD ("CASTAGNOLA"), by and through his undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METROPOLITAN"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. POTTERFIELD brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. POTTERFIELD was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METROPOLITAN is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of

Florida.

4. Venue is proper in this District under 29 USC 1132 (e) (2), in that the defendant, METROPOLITAN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to POTTERFIELD by METROPOLITAN.

6. POTTERFIELD was at all times material an employee of THE RAYTHEON COMPANY ("RAYTHEON").

7. POTTERFIELD was at all times material a plan participant under the RAYTHEON Long Term Disability Plan (the "LTD Plan") which is established by RAYTHEON and pursuant to which POTTERFIELD is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METROPOLITAN is the insurer of benefits under the LTD Plan and was appointed by RAYTHEON, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METROPOLITAN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METROPOLITAN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, POTTERFIELD is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. METROPOLITAN failed to provide the Plaintiff with the LTD plan documents after several requests in writing. Therefore, Plaintiff is not in possession of the LTD Plan.

13. Since approximately July 15, 2015 POTTERFIELD has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, POTTERFIELD made a claim to METROPOLITAN under the LTD Plan for disability benefits.

15. METROPOLITAN originally approved POTTERFIELD's claim for LTD benefits and paid benefits through December 21, 2015.

16. By letter dated March 25, 2016, METROPOLITAN notified POTTERFIELD of their decision to terminate his LTD benefits effective December 21, 2015.

17. POTTERFIELD timely appealed METROPOLITAN'S March 25, 2016 adverse benefit determination.

18. By letter dated May 19, 2016, METROPOLITAN affirmed their decision to terminate POTTERFIELD's LTD benefits.

19. At all relevant times, POTTERFIELD complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, due to sickness or as a direct result of accidental injury, POTTERFIELD has been unable to perform each of the material duties of his Own Occupation.

21. At all relevant times, POTTERFIELD has been receiving Appropriate Care and Treatment and complying with the requirements of such treatment.

22. At all relevant times, POTTERFIELD was a Covered Person under the LTD Plan.

23. From December 21, 2016, to the present date, POTTERFIELD has not received benefits owed to him under the LTD Plan, despite POTTERFIELD's right to these benefits.

24. At all relevant times, METROPOLITAN was the payer of benefits.

25. At all relevant times, METROPOLITAN was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, METROPOLITAN was the Plan Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

27. At all relevant times, POTTERFIELD has been and remains Disabled and entitled to LTD benefits from METROPOLITAN under the terms of the LTD Plan.

28. POTTERFIELD has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a) (1) (B)

29. POTTERFIELD incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a) (1) (B), POTTERFIELD, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. POTTERFIELD has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of METROPOLITAN'S failure to pay his disability benefits.

33. POTTERFIELD has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to POTTERFIELD at a time when METROPOLITAN knew, or should have known, that POTTERFIELD was entitled to those benefits under the terms of the LTD Plan, as POTTERFIELD was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of CASTAGNOLA's claim for LTD benefits;

    (c) After POTTERFIELD's claim was denied in whole or in part, METROPOLITAN failed to adequately describe to POTTERFIELD any additional material or information necessary for POTTERFIELD to perfect his claim, along with an explanation of why such material is or was necessary.

    (d) METROPOLITAN failed to properly and adequately investigate the merits of POTTERFIELD's disability claim and failed to provide a full and fair review of POTTERFIELD's claim.

35. POTTERFIELD believes and thereon alleges that METROPOLITAN wrongfully denied his claim for disability benefits under the LTD Plan by other acts or omissions of which POTTERFIELD is presently unaware, but which may be discovered in this future litigation and which POTTERFIELD will immediately make METROPOLITAN aware of once said acts or omissions are discovered by POTTERFIELD.

36. Following the denial of benefits under the LTD Plan, POTTERFIELD exhausted all administrative remedies required under ERISA, and POTTERFIELD has performed all

duties and obligations on his part to be performed under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of METROPOLITAN, POTTERFIELD has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding POTTERFIELD's claim for benefits, POTTERFIELD, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g) (1), POTTERFIELD is entitled to have such fees and costs paid by METROPOLITAN.

39. The wrongful conduct of METROPOLITAN has created uncertainty where none should exist; therefore, POTTERFIELD is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHISEFORE, ROBERT POTTERFIELD prays for relief against METROPLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 26, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

*S/ Rachel Alters*

RACHEL ALTERS, ESQUIRE
Florida Bar No:106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com